HARRIET Y. COOPER, Appellant, *v.* 140 EAST ASSOCIATES et al., Respondents, et al., Defendant.

First Department, October 30, 1969.

*Edwin R. Alley* of counsel (*Lord, Day & Lord,* attorneys), for appellant.

*Brian Michael Seltzer* of counsel (*Eugene J. Morris* and *Robert D. Levin* with him on the brief; *Demov, Morris, Levin & Shein,* attorneys), for respondents.

MARKEWICH, J. Plaintiff-appellant, subtenant of an apartment subject to the Rent, Eviction and Rehabilitation Regulations, has sued the owners and managers of the building for an injunction restraining defendants from selling stock, allocated to the apartment, of the newly formed co-operative corporation, engaged in acquisition of the building, to any other person, and compelling the offer thereof to her. The co-op corporation is a passive defendant, taking no position. Special Term has denied plaintiff's motion for temporary injunction and summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. On appeal therefrom, we affirm.

The lease of the apartment for a two-year period which commenced March 1, 1968, names one Henderson as tenant. It contains a standard clause forbidding assignment or sublease, which is found to have been modified, at the time of execution of the agreement, by a rider granting " permission for the sublet of this apartment for the duration of this lease only, to " plaintiff. Henderson, tenant of the apartment theretofore, had written to the managing agent when offered a renewal lease, to "relinquish any claim to the apartment and terminate * * * [his] * * * lease ", stating appreciation for " any consideration given Miss Cooper," and, further, that he had been informed by his subtenant that the agent had suggested such surrender " so that you [the agent] may write a new lease in her name." Regardless of who initiated the suggestion, it eventuated only into a continuance of Henderson's tenancy under the new lease, with plaintiff's subtenancy recognized by the rider. When the co-op plan was set on foot by the owners, the stock allocable to the subject apartment was offered pursuant to section 55 of the Rent, Eviction and Rehabilitation Regulations, to Henderson as tenant; he did not want it, but has assisted plaintiff in her efforts to secure the right to such stock.

Plaintiff claims that Henderson had assigned his lease to her, that such assignment was consented to by the owners, and that

she had succeeded to his rights to acquire the apartment. There was no assignment; indeed, the owners apparently had refused to accede to a suggestion that they enter into a contractual relationship with plaintiff. Except for considerations specifically forbidden by law — and there is no hint of them here — one may refuse to contract with another for any reason or for no reason at all. The owners agreed only to the relationship described in the rider to the lease, but to nothing beyond that. Not even direct acceptance of rent represents consent to an attempt at assignment. It is not true that Henderson "retained no reversionary interest" when he endeavored to transfer "his entire estate to plaintiff". He certainly remained responsible for the rent and for other items of performance, and he did retain the right, recognized by the landlord, to acquire the co-op stock. Whether Henderson wanted to assign or not, or whether he believed he actually did so, is beside the point: the other party to the contract never consented to an assignment, and there was none. This is axiomatic (see *Jennings* v. *Foremost Dairies,* 37 Misc 2d 328 and cases therein cited).

Nor is there any comfort for plaintiff actually to be found in the regulations. She claims to be the "tenant in occupancy of a controlled housing accommodation" contemplated by section 55 (subd. c, par. [3], subpar. [a]) of the regulations; she seeks to strengthen this position by quoting the general definitions section of the regulations (§ 2, subd. o), which lists as one of the meanings of "tenant" a "sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation". But this is so only vis-à-vis the prime tenant. Here, both tenant and subtenant happen to agree that the subtenant may exercise the tenant's right to acquire the co-op shares, but should the circumstances be one of disagreement between the two, few would hesitate to say unequivocally that it is the prime tenant who must be recognized. The regulations do not provide otherwise by their definitions; as Special Term put it: "this does not create plaintiff a tenant as against the present defendants. Rather, it clarifies her relationship to her immediate lessor, so as to provide her with the protection of the Statute and its regulations." Weight must also be given to the opinion of the Acting District Rent Director on this score: "A reading of Section 55c of the Rent Regulations will reveal that in a cooperative corporation, formed in conformity with said section, the offer to buy in is made to the rent controlled tenant in occupancy and such tenant is the prime tenant where there has been a subletting.", and to the pertinent provision of the Code of the Real Estate Industry

Stabilization Association of this city, which was only partially quoted in plaintiff-appellant's brief. The Code provides that "a tenant in occupancy at the time of the [co-operative] offering shall have the exclusive right to purchase his apartment or the shares allocated thereto" but "this section shall not be applicable * * * to subtenants." (§ 61, subds. 4[b], 5). Practical considerations alone must dictate this view or it would be impossible to choose in a controversy between prime tenant and subtenant. Even though a controlled tenant has been cemented into certain rights, including that of co-op acquisition, by an emergency statute and regulations pursuant thereto, his rights were acquired at the outset by a voluntary landlord-tenant contract. This is not true of a subtenant who, for the time being only, has been permitted a limited occupancy of the apartment by agreement of the landlord and the prime tenant and there is no rational basis for a holding that it was intended by the emergency statutes to extend this right to the subtenant. The fact of agreement between prime tenant and subtenant in this particular case does not change the principle.

The order entered July 8, 1969, denying plaintiff's motion for injunction and summary judgment and granting defendants' cross motion for summary judgment dismissing the complaint should therefore be affirmed with costs.

Nunez, J. (dissenting). I dissent and vote to reverse the order appealed from and grant plaintiff's motion for a preliminary injunction and summary judgment and deny defendants' cross motion for summary judgment.

Plaintiff Harriet Y. Cooper, an occupant of a rent-controlled apartment in a building which is being converted into a co-operative, seeks the right to purchase the stock allocated to her apartment pursuant to Rent, Eviction and Rehabilitation Regulations.

Miss Cooper is in sole possession of the subject apartment pursuant to an agreement with the primary tenant-lessee William Henderson, and written consent to such occupancy by the landlord. Rent for the apartment was paid by the plaintiff directly to the landlord. Notice of the plan of co-operative organization was given to Henderson rather than to Miss Cooper. Henderson did not choose to purchase the stock and requested that defendants issue same to Miss Cooper.

Plaintiff should prevail. Either as a subtenant in possession or as assignee, she is the "tenant in occupancy" contemplated by section 55 of the Rent, Eviction and Rehabilitation Regulations and hence entitled to the exclusive right to purchase the

stock in the co-operative organization. Paragraph (3) of subdivision c of that section provides that no certificate of eviction shall be issued unless the co-operative has complied with specified requirements, one of which pertains to the "exclusive right" of purchase. Subdivision c (par. [3], subpar. [a]) provides that notice must be afforded "each tenant in occupancy". Subdivision o of section 2 of the regulations defines "tenant" as "a tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation".

The regulations are designed to protect against eviction of those, such as this plaintiff, occupying controlled housing accommodations to the extent that they are afforded an exclusive right to purchase stock allocated to their apartment at a pre-open market price.

Furthermore, plaintiff is entitled to Henderson's rights as an assignee. He retained no reversionary interest. He transferred his entire estate to plaintiff and the transaction thus constituted an assignment. (See *Woodhull* v. *Rosenthal,* 61 N. Y. 382; 1 Rasch, Landlord and Tenant, §§ 34–36.) No matter how termed, the landlord, having consented thereto, had notice of the transaction between Henderson and Miss Cooper. Plaintiff succeeded to all of Henderson's rights including the exclusive purchase rights.

For the foregoing reasons I would reverse and grant plaintiff the right to purchase the stock in the co-operative.

CAPOZZOLI, J. P., McGIVERN and STEUER, JJ., concur with MARKEWICH, J.; NUNEZ, J., dissents in opinion.

Order entered on July 8, 1969, affirmed, with $50 costs and disbursements to the respondents.